Dear Ms. Guillory-Lee:
This office is in receipt of your opinion request wherein you asked:
 (1) May Deputy Clerks of Court assigned to the Court's Violations Bureau, on their own initiative and without direct prosecutorial approval, collect from violators charged with a first offense safety belt violation the enhanced fine of $50.00 or $50.00 plus court costs when the violator's driving history indicates prior belt convictions?
No, they may not. LSA-R.S. 32:295.1 A. (1) clearly states "Each driver of a passenger car, van, or truck . . . in this state shall have a safety belt properly fastened about his or her body at all times when the vehicle is in forward motion." If a driver is found to be in violation of this statute Louisiana law clearly sets out what fines may be charged.
 "(a) Upon conviction of a first offense, the fine shall be twenty-five dollars which shall include all costs of court.
 (b) Upon conviction of a second offense, the fine shall be fifty dollars which shall include all costs of court.
 (c) Upon conviction of a third offense and any subsequent offense, the fine shall be fifty dollars plus all costs of court." LSA-R.S. 32:295 G.(1).
Furthermore, LSA-R.S. 32:295 G.(2) expressly limits fines that may be levied for said offenses. "Notwithstanding any contrary provision of law, no other cost or fee shall be assessed against any person for a violation of this Section." *Page 2 
Therefore, if a driver is charged with a first offense then the maximum fine that may be charged is twenty-five dollars.
 (2) May the prosecutor delegate the prosecutorial authority as described in Code of Criminal Procedure Article 61 to Deputy Clerks of Court assigned to the Court's Violations Bureau for the specific limited purpose of collecting the enhanced penalty when a violator's driving history indicates prior safety belt convictions?
No, only those vested with prosecutorial authority may amend a bill or ticket to reflect a change in the charges. Louisiana law does allow that "the judge may appoint one or more deputy clerks to serve at the pleasure of the judge. Deputy clerks shall have the same qualifications, shall post the same bond, and have the same powers and duties as the clerk". LSA-R.S. 13:1887. Also, LSA-R.S. 13:1898 (A) provides that "the clerk of the city court or the marshal, as designated by the judges, shall collect all fines, forfeitures, penalties, and costs, and all funds so collected by them, excluding costs, shall be paid into the city treasury when the prosecution is on behalf of the city."
While these statutes allow a delegation of the power to collect fines for violations previously charged it does not allow a delegation of prosecutorial authority. Louisiana law has consistently held that "the District attorney is the only authority constitutionally empowered to bring criminal charges pursuant to LSA-R.S. 32:57 for violations in his parish." Op.Atty.Gen., No. 91-239.
Very Truly Yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________________ C. JOSEPH GIORDANO ASSISTANT ATTORNEY GENERAL